**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-21110

WEINGARTEN REALTY INVESTORS,

Plaintiff-Counter Defendant-Appellant,

VERSUS

ALBERTSON'S, INC.,

Defendant-Counter Claimant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas

(H-98-CV-912)

September 13, 2000

Before DUHÉ, EMILIO M. GARZA and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Weingarten Realty Investors ("Weingarten") appeals from the Magistrate Judge's memorandum and order denying Weingarten's motion for summary judgment and granting Albertson's, Inc.'s ("Albertson's") motion for summary judgment.

The instant case presents a dispute between Weingarten and

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Albertson's over the interpretation of a real estate lease involving a shopping center in Lubbock, Texas. The disputed lease provisions concern the parties' rights when any authority having the power of eminent domain takes part of the leased premises. The two pertinent provisions provide:

> Section 19.01. If there shall be taken during the term of this Lease any portion of the Leased Premises, by any authority having the power of eminent domain, then and in that event, the term of the Lease shall cease and terminate, and the date of such termination shall be, at the Landlord's or Tenant's election, the earlier of either the date upon which possession shall be tendered to such authority by Landlord or the date upon which possession is taken by such authority.

> Section 19.02. Whether or not any portion of the Leased Premises may be taken by such authority, either Landlord or Tenant may nevertheless elect to terminate this Lease or to continue this Lease in effect in the event any portion of the building in the portion of the Shopping Center outlined in green, or more than twenty-five percent (25%) of the Common Area of the Shopping Center be taken by such authority.

In 1996, the Texas Department of Transportation ("TxDOT") gave notice of its intent to initiate condemnation proceedings for a substantial portion of the shopping center's parking lot. In lieu of condemnation, however, Weingarten agreed to convey a portion of the shopping center property to the TxDOT for the sum of $8,475,000, pursuant to a "Memorandum of Agreement," and a "Settlement Agreement."[1] At the same time that Weingarten entered

---

[1] The property conveyed was a part of the parking lot that the TxDOT sought for expansion of a highway. The TxDOT essentially paid the full value of the shopping center, although it only

2

into those agreements, Weingarten executed and acknowledged a deed conveying the necessary right-of-way to the state. The deed was ultimately recorded on August 26, 1997. In addition, on August 26, Weingarten signed and acknowledged a document entitled "Lease Agreement," whereby the TxDOT leased the conveyed right-of-way to Weingarten for a maximum term of four years, subject to cancellation by either party upon twelve months written notice. Albertson's had not been a part of the negotiations and had not been compensated for its lessee interest in the property.

In November 1997, Albertson's sent written notice to Weingarten, terminating the Lease Contract under Article XIX and requesting its share of the eminent domain proceeds. That same month, Albertson's ceased operations at the site and vacated the shopping center. As a result, Weingarten ultimately sent a notice of default to Albertson's.

Thereafter, Weingarten instituted a breach of contract action to collect unpaid rent and other damages, along with attorney's fees and costs. Albertson's filed a counterclaim asserting claims for declaratory relief, civil rights violations, and breach of contract, seeking the recovery of actual and punitive damages, as well as attorney's fees and costs. Both parties filed cross-motions for summary judgment. The Magistrate Judge denied recovery on all claims, except for Albertson's breach of contract claim,

purchased a portion of the shopping center's actual property.

3

ruling that the deed in lieu of condemnation constituted a taking under the lease as a matter of law, which triggered Albertson's termination right. Subsequently, the Magistrate Judge entered final judgment in favor of Albertson's on the breach of contract claim based on stipulations by the parties as to the sole remaining issue of fact: the value of the leasehold and leasehold improvements affected by the taking. This appeal ensued.

Weingarten raises three main points on appeal. First, it argues that the Magistrate Judge misconstrued the term "taken" as used in section 19.02. It maintains that for the property to have been "taken" under section 19.02, the authority had to actually take possession, as well as title of the property. Second, Weingarten asserts that even if the term "taken" in section 19.02 refers to the legal action of a taking, there was no taking in the present case. Third, Weingarten maintains, in the alternative, that section 19.02 of the lease is ambiguous and that, therefore, evidence should have been heard to ascertain the parties' intent.

With those contentions in mind, we have carefully examined and considered the briefs, relevant portions of the record, and the oral arguments of counsel. Finding no error on the part of the Magistrate Judge, we affirm for the reasons set forth in her ruling. *See **Weingarten Realty Investors v. Albertson's, Inc.**,* 66 F. Supp. 2d 825 (S.D. Tex. 1999).

**AFFIRMED.**